UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES ROUSHKOLB, | Case No. 2:19-CV-2084 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| FREEMAN COMPANY, LLC, | |
| Defendant(s). | |

Presently before the court is the Freeman Company's ("defendant") motion to dismiss. (ECF No. 13). James Roushkolb ("plaintiff") filed a response (ECF No. 15), to which defendant replied (ECF No. 16).

**I.   Background**

The instant action arises from an employment dispute. Plaintiff regularly used medical marijuana at night to treat post-traumatic stress disorder ("PTSD") pursuant to a doctor's recommendation. (ECF No. 1-1 at 2). Plaintiff, a member of the Teamsters, Chauffeurs, Warehousemen, and Helpers, Local 631, International Brotherhood of Teamsters ("the union"), worked as a journeyman. (*Id.* at 6; ECF No. 13 at 2). Defendant hired him as temporary labor. (ECF No. 1-1 at 6).

Plaintiff was working with another employee to remove a piece of plexiglass from the ceiling when he dropped the plexiglass, causing it to shatter. (*Id.* at 6–7). Following the accident, defendant requested that plaintiff take a drug test, which he failed on account of his medical marijuana use the previous night. (*Id.* at 7). Plaintiff claims he was not under the influence on the job site. (*Id.*) Defendant fired plaintiff as a result of his failed drug test. (*Id.*)

**James C. Mahan**
**U.S. District Judge**

Plaintiff now brings claims under several Nevada employment statutes claiming that defendant did not accommodate his disability. (ECF No. 1–1). Defendant moves to dismiss all claims. (ECF No. 13).

## II.  Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the

**James C. Mahan**
**U.S. District Judge**

line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

*A. Preemption*

Plaintiff, as a union member, is subject to a collective bargaining agreement ("CBA"). (*See* ECF No. 13 at 2). Defendant argues that plaintiff's claims require the court to interpret the CBA. (*Id* at 7). Thus, plaintiff's state law claims are preempted by the federal Labor Management Relations Act ("LMRA") § 301. (*Id.*) This court disagrees.

The LMRA gives federal courts exclusive jurisdiction over violations of collective bargaining agreements. 29 U.S.C. § 185. It also preempts any state law claim that is "substantially dependent on the terms of an agreement made between parties to a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). There is a two-step test to determine if the LMRA preempts a state claim. *See Burnside v. Kiewit*, 491 F.3d 1053, 1059 (9th Cir. 2007). First, the court must determine whether the cause of action results from a right granted under state law or by the CBA. *See id.* Second, the court must determine whether the claim requires interpretation of the CBA. *See id.*

Plaintiff fails to mention the CBA in his complaint. Certainly, he does not avoid preemption by withholding mention of the CBA or § 301. *See Stallcorp v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1048 (9th Cir. 1987). However, where the complaint alleges rights that exist generally, independent of the CBA, § 301 does not apply. *See Livadas v. Bradshaw*,

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   512 U.S. 107, 124 (1994); *Davies v. Premier Chemicals, Inc.*, 50 Fed. App'x 811, 812 (9th Cir.
2   2002) (holding that § 301 did not preempt a tortious discharge claim under Nevada law).

3   Here, plaintiff does not allege any claims wholly dependent on the CBA.  (ECF No. 1-1).
4   Plaintiff's claims all arise under Nevada law and are available for pursuit by anyone, not just
5   members of the union subject to the CBA.  *See Davies*, 50 Fed. App'x 811, 812 (9th Cir. 2002).

6   Further, adjudicating this matter does not require the court to interpret the CBA.  "[T]he
7   need to interpret the CBA must inhere in the nature of the plaintiff's claim."  *Cramer v.
8   Consolidated Freightways, Inc.*, 255 F.3d 683, 691–92 (9th Cir. 2001).  Defendant cannot
9   defensively rely on the CBA's terms to trigger preemption.  *See Sprewell v. Golden State
10  Warriors*, 266 F.3d 979, 991 (9th Cir. 2001).  Here, the CBA is asserted only defensively.  (*See*
11  ECF No. 15 at 6–12).  Defendant argues that the court must interpret articles 4 (employer's
12  rights), 14 (discipline procedures), and 15 (drug policy) to adjudicate plaintiff's claims.  (*See*
13  ECF No. 13 at 6).  But plaintiff does not challenge any of the policies contained in these sections
14  of the CBA.  Nowhere in plaintiff's complaint is there an inherent need to consult or interpret the
15  terms of the CBA.

16  Because plaintiff raises claims arising under state law, and the court will not have to
17  interpret the CBA, plaintiff's claims are not preempted by the LMRA.

18  *B. Jurisdiction*

19  A federal court must possess jurisdiction over an action to hear the dispute.  *Weeping
20  Hollow Avenue Trust v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016).  If a court determines at
21  any time that it lacks subject matter over an action, it must dismiss or remand the case as
22  appropriate.  See *id*. at 1114 (reversing and remanding with instructions to remand the case to
23  state court, as the district court lacked subject matter jurisdiction over the claims).

24  Here, the defendant removed the case to federal court based on federal question
25  jurisdiction pursuant to the LMRA.  (ECF No. 1).  The court has determined the LMRA is
26  inapplicable to plaintiff's claims.  Therefore, the court no longer holds subject matter jurisdiction
27  by virtue of federal question.  Defendant, despite being a Texas corporation, specifically
28

**James C. Mahan
U.S. District Judge**

- 4 -

disclaims diversity jurisdiction, presumptively due to the amount in controversy, which is never mentioned. (ECF No. 10 at 2). Therefore, the court, *sua sponte*, remands this suit to state court.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 13) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that this matter be, and the same hereby is, REMANDED to the state court due to this court's lack of subject matter jurisdiction.

DATED July 2, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -